IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MELISSA VINCENT,

    Plaintiff,

  v.

FIRST REPUBLIC BANK INC., a California corporation, ANNA HIRANO, TROY JOHNSON, GREG NEWHALL, ROBERT SCHWARTZ, and Does 1–50, inclusive,

    Defendants.
                                /

No. C 10-01212 WHA

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

**INTRODUCTION**

This is a wrongful termination case. Plaintiff originally filed suit in the San Francisco Superior Court. Defendants removed this action to federal court based on diversity jurisdiction. Defendants filed a motion to dismiss all of the claims against the individual defendants and some of the claims against the remaining defendant. Plaintiff seeks a remand back to state court. For the reasons stated below, plaintiff's motion to remand is **GRANTED**. Because the Court lacks subject matter jurisdiction over this matter, defendants' motion to dismiss will not be decided.

**STATEMENT**

Plaintiff Melissa Vincent is an ex-employee of defendant First Republic Bank, Inc. Plaintiff brought this action in San Francisco Superior Court against defendants First Republic Bank, Inc., Anna Hirano, Troy Johnson, Greg Newhall, Robert Schwartz, and Does 1–50. Defendants removed this action to federal court pursuant to 28 U.S.C. 1441(b). Following the

1  removal, defendants moved to dismiss most of plaintiff's claims for failure to state a claim upon
2  which relief may be granted pursuant to Rule 12(b)(6). Plaintiff also noticed a motion to remand
3  to state court, asserting that defendants failed to sufficiently show that there is complete diversity
4  of citizenship among parties. Plaintiff's motion to remand is the subject of this order.

5  Plaintiff also filed a first amended complaint along with the opposition to defendants'
6  motion to dismiss. Defendants noticed their motion to dismiss on March 30, 2010. Plaintiff filed
7  her amended complaint on April 22, which was 23 days after defendants filed their motion to
8  dismiss. To amend as a matter of right pursuant to Rule 15(a), plaintiff must have filed her
9  amended complaint within 21 days after defendants had filed their motion to dismiss. Plaintiff,
10 thus, cannot amend her complaint as a matter of right pursuant to Rule 15(a)(1). Plaintiff's
11 amended complaint is construed, instead, as an attempt to amend the complaint pursuant to Rule
12 15(a)(2) which states that parties may amend only with the opposing party's written consent or
13 the leave of the court. In response to the first amended complaint, defendants have filed a motion
14 to strike, or in the alternative, a motion dismiss the amended complaint, which is currently
15 scheduled to be heard on June 10.

16 Plaintiff was employed by defendant First Republic from January 2002 to April 2004, and
17 from April 2005 to September 2009. In September 2009, plaintiff held the position of Preferred
18 Banking Office Manager in the Santa Rosa office. The complaint alleges that plaintiff doubled
19 the production levels required by defendants First Republic, and her managers T. Johnson and A.
20 Hirano. From 2005 to 2008, plaintiff's job performance reviews ranged from "Fulfills Job
21 Requirements" to "Exceeds Expectations" and were conducted by defendant Johnson (Compl. ¶¶
22 24–25). In December 2008, plaintiff was even named as one of the top ten percent of all First
23 Republic branch managers.

24 Plaintiff informed defendant Johnson on several occasions that she was understaffed and
25 needed additional help to process a large number of new accounts. Plaintiff did not receive any
26 additional help that she requested from defendant Johnson.

27 In November 2008, plaintiff informed defendants that she was pregnant and would take
28 her maternity leave starting March 2009. During her maternity leave, plaintiff maintained regular

2

contact with defendants and worked from home while caring for her new baby. A few weeks after she began her maternity leave, defendant Johnson called plaintiff to request an in-person meeting to discuss some issues that had risen in the office. A day later, defendants Johnson and Hirano called plaintiff, alleging that there were a large number of incomplete files in plaintiff's office and again requesting an in-person meeting. Plaintiff indicated to defendants that she was caring for a newborn and could not be available for such a meeting. Defendant Hirano then told plaintiff that there would be further action. As a result of these two phone calls, plaintiff suffered extreme worry, anxiety, and depression.

On September 8, 2009, plaintiff returned to work from her maternity leave. That day, she met with defendants Johnson and Hirano. Defendants Johnson and Hirano gave her a written warning that she was being placed on a ninety-day probation for failing to process a large number of client files. Eight days after she returned to work, however, defendant Newhall handed plaintiff a termination letter, informing her that her termination of employment was effective immediately.

The complaint alleges that defendant First Republic owes plaintiff over $35,000 in unpaid commissions and bonuses. The complaint alleges that defendants discriminated against plaintiff due to her gender and familial status. Plaintiff suffered from lost wages, was forced to take a position that paid substantially less than her previous position with defendant First Republic, and suffered extreme emotional distress from anxiety, fatigue, depression, anger, and embarrassment.

The complaint alleges the following claims against all defendants: (1) gender discrimination; (2) wrongful termination; (3) intentional infliction of emotional distress; (4) failure to pay wages in violation of California Labor Code Section 203; (5) failure to pay wages in violation of California Labor Code Section 210; (6) failure to pay wages in violation of California Labor Code Section 202; (7) violation of California Business and Professions Code Section 17200; (8) breach of contract; (9) breach of implied covenant of good faith and fair dealing; (10) intentional interference with prospective economic advantage; (11) negligent interference with prospective economic advantage; and (12) violation of Unruh Civil Rights Act.

3

Defendants removed this action to federal court on diversity jurisdiction, arguing that the individual defendants were fraudulently joined to avoid federal jurisdiction. Subsequently, defendants filed a motion to dismiss all of the claims against individual defendants and some claims against defendant First Republic for failure to state a claim. Plaintiff argues that defendants have not carried their burden of proof to show a complete diversity of citizenship among parties and seeks a remand to state court, and opposes defendants' motion to dismiss.

## ANALYSIS

### A.  LEGAL STANDARD.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). The strong presumption against removal jurisdiction means that the defendant bears the burden of establishing proper removal. Here, defendant has the burden of showing that diversity jurisdiction exists under 28 U.S.C. 1332 — namely, that plaintiff has different state citizenship from all properly named defendants. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

If a defendant establishes fraudulent joinder, the presence of a non-diverse or resident defendant will not defeat diversity jurisdiction. To prove fraudulent joinder, a defendant must show that "the plaintiff fail[ed] to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). A defendant "need not show that the joinder of the non-diverse party was for the purpose of preventing removal" but must demonstrate instead "that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (Wilken, J). Remand shall be granted unless the defendant can show that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Nickelberry v. DaimlerChrysler Corp.*, 2006 U.S. Dist. Lexis 22545, at *2 (N.D. Cal. 2006) (Chesney, M.).

### B.  MOTION TO REMAND.

4

Plaintiff moves to remand on the following grounds: (1) defendants have not provided sufficient evidence that defendant First Republic was not a citizen of California at the time of filing of the suit; and (2) the complaint alleges several claims against the individual defendants, who are non-diverse defendants. Defendants contend that the complaint fails to state a claim against the individual defendants, thus they are sham defendants, and has provided evidence trying to show that defendant First Republic was a citizen of North Carolina at the time of filing of this suit. Plaintiff argues that even if the complaint fails to state a claim for relief against any of the individual defendants, the amended complaint cures this defect; thus, remand is proper. Defendants, in response, argue that a complaint amended post-removal cannot divest a federal court of jurisdiction.

At the hearing, the first issue of whether defendant First Republic was or was not a citizen of California at the time this lawsuit was filed was extensively covered. This order, however, need not decide this issue because it finds remand appropriate on the second issue: even if the complaint fails to state any claims against the non-diverse individual defendants, defendants have not shown that plaintiff would not be able to amend the complaint to allege any viable claim against the individual defendants under California law. *See Dickinson v. Allstate Insurance Co.*, 2010 U.S. Dist. Lexis 11404, at *9 (C.D. Cal. 2010).

The Court is troubled that defendants are trying, in aruging that First Republic is really a citizen of North Carolina, to claim that its own filings with the California Secretary of State were incorrect. Holding corporations to the truth of their own public filings would force them to make sure their filings were truthful. Allowing them to escape by claiming error would invite sloth and deception of the public. And, to the contention that First Republic no longer exists but was merged into Merrill Lynch and then Bank of America, the Court notes that it heard a radio ad for "First Republic" over the weekend after the hearing. That ad made no mention of Merrill Lynch or Bank of America.

Defendants argue that plaintiff cannot amend her complaint post-removal to divest federal court of jurisdiction citing *Cavallini, et al., v. State Farm Mutual Auto Insurance Co., et al.*, 44 F.3d 256 (5th Cir. 1995). to support their position. *Cavallini* is a Fifth Circuit decision that has

5

never been cited in our circuit for the proposition that an amended complaint cannot divest federal court of jurisdiction. Instead, *Cavallini* has been most cited in this circuit for the proposition that the removing party bears the heavy burden of proving that "there is *absolutely no possibility* that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Id.* at 259 (emphasis added).

The complaint alleges, among several other claims, intentional infliction of emotional distress against the individual defendants. The complaint alleges that the individual defendants badgered plaintiff over the phone while she was on maternity leave, placed her on probation the day she came back from maternity leave on a pretext, and terminated her employment only eight days after she returned from her maternity leave, which caused plaintiff to suffer extreme emotional distress from anxiety, fatigue, depression, anger, and embarrassment.

To state a claim for intentional infliction of emotional distress, a plaintiff must allege: (1) outrageous conduct by the defendant; (2) intention to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of the emotional distress. *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 155 (1987).

Defendants argue that plaintiff fails to state a claim for intentional infliction of emotional distress against the individual defendants because they are shielded from liability while acting within the course and scope of their employment. Defendant also argue that California's workers' compensation system is the sole and exclusive remedy available to injured employees for conduct normally occurring in the workplace. This order notes that affirmative defenses reaching the merits of a case should generally not provide the basis for a finding of fraudulent joinder. *See* William W. Schwarzer, A. Wallace Tashima & James Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 2:672.2 (The Rutter Group 2009). Defendants' defenses go to the factual allegations of whether the individual defendants' conduct was a normal part of the employment environment, and should not form the basis of a finding that they were fraudulently joined.

6

Defendants also contend that plaintiff's allegation fail to show outrageous conduct on the part of the individual defendants, a necessary element of the claim. While plaintiff's allegations may fall short of proving outrageous conduct, this order cannot conclude that plaintiff has absolutely no possibility of stating a claim, if afforded an opportunity to amend. Evaluating all of the factual allegations in the light most favorable to plaintiff, this order finds that defendants have not shown that there is absolutely no possibility that plaintiff cannot state a claim against the individual defendants. Thus, there is no fraudulent joinder, and consequently, there is no diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **GRANTED**. Defendants' motion to dismiss is deemed as moot without prejudice to renewal by way of demurrer on remand. Defendants' motion to strike the first amended complaint is also deemed as moot. The Clerk shall remand this action to San Francisco Superior Court.

**IT IS SO ORDERED.**

Dated: May 17, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7